## D. M. Allen et al. v. F. M. Churchill et al.

### Gen. No. 13,206.

DECREE—*when set aside as against the evidence.* A decree manifestly against the weight of the evidence will be set aside on review.

Bill to set aside conveyance. Appeal from the Circuit Court of Cook County; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the October term, 1906. Reversed and remanded with directions. Opinion filed April 18, 1907.

**Statement by the Court.** The appellee, F. M. Churchill, filed a bill against the appellants, D. M. Allen and his wife, M. A. Allen, and Jennie A. Burnett, averring, in substance, the recovery by appellee Churchill in the Circuit Court of McLean county, Illinois, of a judgment against appellants for the sum of $1,078.25; that prior to the rendition of the judgment appellants owned certain real property, situated in Cook county, Illinois, described in the bill, which they fraudulently conveyed to Jennie A. Burnett, and that execution was issued on said judgment and delivered to the sheriff of Cook county, who returned the same wholly unsatisfied. The bill prays that the conveyance to Jennie A. Burnett be set aside.

D. M. Allen and his wife answered the bill, admitting the recovery of the judgment against them, and averring that it was obtained on two judgment notes, one for $500, and one for $450, both dated January 11, 1904, the former payable three months and the latter four months after date, both notes being payable to the William R. White Co., and by it indorsed, April 30, 1904, to F. M. Churchill, who was an employee of said company at the time the notes were indorsed to him, and was familiar with the transaction in

respect to which the notes were made, and was not an inno-
cent purchaser and paid no consideration for the notes, and
that the White Co. indorsed the notes to him merely to
fraudulently hinder appellants from taking advantage of
the equities between them and said company.

Appellants admit that they conveyed to Jennie A. Bur-
nett, their daughter, the property described in the bill, for
no consideration except the design to settle the property on
her.

Jennie A. Burnett answered, averring, in substance, that
the property was conveyed to her in pursuance of a design
long since formed, and for a good consideration.

D. M. Allen and his wife filed a cross-bill, in which, after
repeating certain averments of the bill and their answer
thereto, it is averred, in substance, that the William R.
White Co. is an Illinois corporation, located in Bloomington
in said State, and is engaged in the manufacture of farm
gates, for which it claims to have a patent, but that it is
chiefly engaged in inducing people, by its agents, to go to
Bloomington to purchase the right to sell gates in counties
and States, and its real purpose was to secure persons who
would pay it from $500 to $1,500 to act as its agents, in
inducing others to go to Bloomington to become its agents
for a like consideration, and that the contract purporting
to sell to appellant, D. M. Allen, the exclusive right to sell
gates in Porter county, Indiana, was a mere cloak for a
fraudulent scheme.    Appellants, Allen and wife, induced
thereto by one Murray, an agent of the White Co., went to
Bloomington, January 11, 1904, met agents of the White
Co., and paid said company $50 in cash and gave to the
company their notes for the sums respectively of $500, $450
and $500, for the right to act as its agents and for territory,
and it was represented to them by said agents that all they
were required to do was to induce others to go to Blooming-
ton and purchase an agency, as they did, and that they, ap-
pellants, would receive as commission one-half of the $1,500
invested by such persons.    Said company, by its agent, one
Hanson, inquired as to appellants' property, and they told

him they owned the property described in the bill, when appellant, M. A. Allen, told him that under no circumstances would they engage in any transaction which would risk or jeopardize their property, when Hanson told them the company did not want their property, but only that they would become agents for it.   D. M. Allen is a mechanic and unfamiliar with any business except the most ordinary, and relying on said representations, paid $50 cash and gave said notes, and that one of the $500 notes was given to said Murray by the White Co. as commission for procuring the Allens as agents.   Prior to January 11, 1904, said White Co. had sold to one Knapp the right to sell gates in Porter county, Indiana, and said company did not disclose this to appellants, and the contract purporting to sell to appellants the exclusive right in said Porter county was fraudulent, etc.   The contract mentioned is made part of the cross-bill. Appellants pray that Churchill and the White Co. be perpetually enjoined from enforcing the judgment.

The White Co. and Churchill answered the bill, averring that the sale was made in good faith, etc., and Churchill answered, denying knowledge of the transactions between the Allens and the White Co., and averring that he was an innocent purchaser for value, and that the notes were indorsed to him January 11, 1904.

Replications were filed to the answers to the bill and to the cross-bill.   The court rendered a decree setting aside the conveyance by appellants to their daughter, Jennie A. Burnett, and dismissing the cross-bill for want of equity.

JOHN W. WALSH, for appellants.

GEORGE ALLEN McCORKLE and ELDRIDGE & ROSE, for appellees.

MR. JUSTICE ADAMS delivered the opinion of the court.

We think it apparent from the evidence that the William R. White Co. was the real owner of the judgment notes at the time when the judgment by confession was rendered in

the Circuit Court of McLean county. H. Clayton Dowell, an attorney, who resided in Bloomington at the time, and who caused judgment to be entered on the notes in question, testified that he was not acting for or representing the William R. White Co. when he wrote certain letters put in evidence by appellants, and which he admitted he wrote. The letters are as follows:

"Bloomington, Ill., June 7, 1904.
M. A. Allen, Melrose Park, Illinois.

Dear Sir: The William R. White Company, of this city, has placed in my hands for collection a $500 note, dated January 11, 1904, due three months after date, with interest at 7 per cent. This note is signed by D. M. Allen and yourself. As it is long past due, I shall be pleased to receive a draft covering the full amount by return mail.

Respectfully,
H. CLAY DOWELL."

"Bloomington, Ill., June 14, 1904.
Mr. D. M. Allen, Melrose Park, Illinois.

Dear Sir: I am just in receipt of a letter from Mr. W. R. White enclosing a letter from M. A. Allen *in re* the two notes of $500 and $450 which I hold for collection.

There is no need to enter into a lengthy discussion of this matter, as you and Mrs. Allen, as I understand the matter, were both in Bloomington before the sale of territory was consummated, and made an examination of the business and signed statements that you had investigated the business and found it all right.

All I have is the two notes and my instructions are to collect them. Kindly let me hear from you at once with a view to adjusting this matter.

Respectfully,
H. CLAY DOWELL."

"Bloomington, Ill., June 23, 1904.
Mr. D. M. Allen, Melrose Park, Illinois.

Dear Sir: On the 14th inst. I wrote you in regard to your two notes which I hold for collection. The principal of these two notes is $950, and they have been drawing interest at 7 per cent from January 11, 1904. Total amount

Allen v. Churchill.

now due on these two notes, $980.43. Unless I have a draft for this amount within the next few days, I shall be compelled to place these two notes in judgment and send an execution and have a levy made on your property.

Respectfully,

H. CLAY DOWELL."

"Bloomington, Ill., July 14, 1904.

Mr. D. M. Allen, Melrose Park, Illinois.

Dear Sir: I have to-day confessed judgment against you on your two notes for $1,078.25, and the costs of suit. Unless this matter is attended to at once I shall order an execution issued and a levy made on your property.

Let me hear from you at once.

Respectfully,

H. CLAY DOWELL."

When confronted with these letters, Dowell said that the only explanation he could make was, that some error was made in his office. This is an explanation which fails to explain. He said he wrote all the letters himself, and it is simply inconceivable that he, an attorney, could make the mistake of saying, in substance, that the William R. White Co. was the client which had placed the notes in his hands for collection, if such were not the fact. He does not tell us who his client was, if the White Co. was not, and neither Churchill nor the White Co. was called as a witness by him, or at all, which is certainly not without significance.

Dowell's answer, that he was not acting as the representative of the White Co., may have been, and doubtless was, on the theory that the suit was in Churchill's name as plaintiff; but this was a mere subterfuge, and does not touch the substance of the matter.

We think the conclusion irresistible that H. C. Dowell acted as the attorney for the William R. White Co. in causing judgment to be entered on the notes, and that the notes were the notes of that company when judgment on them was entered.

The alleged bill of sale to appellant David M. Allen from the William R. White Co. is as follows:

27,

"To whom it may concern:

Whereas, William R. White of Bloomington, McLean County, Illinois, did obtain letters patent of the United States for an improvement in swinging gate. (Here follow dates of patents for different parts of the gate.) Now, therefore, this indenture witnesseth, that for and in consideration of $1,500 to said company in hand paid, the receipt of which is hereby acknowledged, said company has sold and hereby set over to David M. Allen, of Melrose Park, Cook County, Illinois, all their rights, titles and interest they have in said invention as secured by said letters patent for, to and in the County of Porter, in the State of Indiana, and in no other place, to have and to hold for his own use and behalf and for the use of his legal representatives to the full end of the term (* * * for which patents were granted) as fully and entirely as the same would have been enjoyed by said company had this deed not been made.

Dated this 11th day of January, 1904.

THE WILLIAM R. WHITE Co.,
By George R. Hanson."

It is alleged in the cross-bill that, prior to the sale to the appellant, D. M. Allen, the White Co. had sold to one Knapp the right to sell gates in Porter county, Indiana. Hanson, the agent of the company, who acted in making the sale to appellant, D. M. Allen, was called as a witness by the appellees, and testified that Murray, the company's agent, who induced appellants to go to the company's office at Bloomington, "got $500 instead of $750, because Porter county was a resold county. We had to pay the man for that county, then we divided. Did not tell Allen that Porter county did not belong to the White Company; don't know the name of the man who owned it. We paid commission on the sale for $1,500; but we had to pay $500 to the owner of the county. It was listed on the card at that price, and I suppose he got it. We had to pay the $500 first to the owner of the county." We have quoted from the abstract, but pages 206 and 207 of the record show more plainly that, at the time the William R. White Co. purported to sell to

D. M. Allen "all their rights, titles and interest they have in said invention, as secured by letters patent, for, to and in the county of Porter, in the State of Indiana," that company had no right in the said county of Porter, having previously sold their right therein to another person, and there is not in the record a particle of evidence that there was any reconveyance of the right to the White Co. by the person to whom it had been previously sold, so that D. M. Allen acquired no title by said alleged bill of sale to him. The sale, under the circumstances stated, was a fraud in law, if not in fact, and D. M. Allen got nothing for his money. It cannot, in view of the evidence, be said that the White Co. made the sale as agent for the person to whom it had previously sold the right. The bill of sale purports, in both body and signature, to be a sale by the White Co., and is wholly inconsistent with a sale by that company as agent. It does not appear from the evidence who Churchill is, or where he is, or even whether he is at all. The only witnesses who were questioned about him, one of them being an agent of the company, said they did not know him. Neither he nor White, nor any officer of the company, was produced as a witness.

For the foregoing and other considerations induced by the evidence, the decree of the Circuit Court will be reversed, and the cause will be remanded to that court, with directions to enter a decree dismissing, for want of equity, the original bill, and sustaining the cross-bill of the appellants, D. M. Allen and M. A. Allen, and perpetually enjoining and restraining the appellees, F. M. Churchill and the William R. White Company, and each of them, from, by themselves or their agents, enforcing or collecting, or attempting, in any way, to enforce or collect the judgment in the Circuit Court of McLean county, Illinois, in the suit of F. M. Churchill, plaintiff, against D. M. Allen and M. A. Allen, defendants. The appellants will recover their costs in this court.

*Reversed and remanded, with directions.*